# SENTENCING MINUTES

Date: 02/27/2024

Judge: **LEONIE M. BRINKEMA**
Reporter: S. Austin
Time: 10:15 a.m. – 10:56 a.m.
( 00:41 )
Case Number: 1:23-cr-00140-LMB-1

UNITED STATES OF AMERICA

Counsel/Govt: McKenzie Hightower, Laura Withers

v.

**BRETT WILLIAM JANES**

Counsel/Deft: Ann Rigby

- Gov't requests a term of imprisonment above the mandatory minimum.  Gov't exhibit 1 presented to the Court.

- Defense argues for a mandatory minimum sentence and requests a designation as close as possible to Maine that can handle his medical needs and participation in RDAP.

- Court adopts PSI ( X )      without exceptions ( X )                     with exceptions:

**SENTENCING GUIDELINES:**
Offense Level:  43
Criminal History:  I
Imprisonment Range:  600 months
Supervised Release Range:  5 years to Life as to each count
Fine Range: $50,000 to $250,000 as to each count
Restitution $TBD
Special Assessment $200 ($100 as to each count
JVTA Assessment $5,000
AVAA Assessment $50,000

**JUDGMENT OF THE COURT:**
- BOP for 180 months as to count 1 and 60 months as to count 4, to run concurrent wtih count 1 -credit for time served in federal custody.
- Supervised Release for 30 Years as to count 1 and 4, with special conditions and all of the standard conditions of the SR:
- Restitution of $3,000 due w/ minimum monthly installments of $50 to begin w/in 60 days of release from custody; interest waived. Restitution Order entered in open court.
- No punitive fines/costs of incarceration/costs of supervision imposed.
- Special Assessment $200 ($100 as to each count)
- Court found defendant does not have the financial capability of paying excessive special assessments under the JVTA or AVAA so those assessments were not imposed.
- Order dismissing counts 2 and 3 of the indictment entered in open court.
- Defendant advised he may have the right to appeal.
- Defense request defendant remain in ADC until his ear surgery.  Court directs the parties to investigate the matter an submit a motion/order for review and approval.

**SPECIAL CONDITIONS**:

1) The defendant shall participate in a program approved by the United States Probation Office for mental health evaluation and treatment, which will include psychosexual evaluation and sex offender treatment as directed by the probation officer.  This evaluation and any treatment may include periodic polygraph testing at the discretion of the probation officer to ensure compliance with the requirements of the defendant's supervision and/or treatment program. The defendant shall waive all rights of confidentiality regarding mental health evaluation and treatment

to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.  The cost of this program is waived.

2) The defendant shall submit to drug and alcohol testing and if he tests positive, he shall participate in a program approved by the United States Probation Office for either alcohol and/or substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of alcohol and/or substance abuse.  Cost to be paid by the defendant, to the extent he is able as directed by the probation officer. The defendant shall waive all rights of confidentiality regarding alcohol and substance abuse treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

3) The defendant shall pay restitution totaling **$3,000.00**.  If not paid in full by the time the defendant is released from custody, any remaining balance on the restitution shall be paid in equal monthly minimum payments of **$50.00**, to commence within **60 days** of release, until paid in full.  Further, the defendant shall provide the probation officer access to any requested financial information to include but not limited to all monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains, which will be applied to the outstanding court-ordered financial obligation, or in a lesser amount to be determined by the Court, upon the recommendation of the probation officer.

4) The defendant shall not have any intentional contact with any child under the age of 18 unless accompanied by a responsible adult who is aware of the defendant's conviction and supervision status and who has been approved in advance by the Court or probation officer. Intentional contact includes, but is not limited to, physical contact, verbal communication, written communication, and/or electronic communication such as e-mail. Intentional contact also includes going to, congregating and/or loitering within 100 yards around school yards, playgrounds, swimming pools, arcades, zoos, or other places frequented by children under the age of 18. Intentional contact also encompasses any employment that would regularly provide the defendant with access to children under the age of 18, such as working in schools, childcare facilities, amusement parks and playgrounds.

5) The defendant shall not view or possess any "visual depiction" of any "sexually explicit conduct" (as both terms are defined in 18 U.S.C. § 2256), involving a juvenile or an adult including any photograph, film, video, picture, or computer or computer- generated image or picture, whether made or produced by electronic, mechanical, or other means.

6) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall register with the state sex offender registration agency in any state where the defendant resides, works, and attends school, according to federal and state law and as directed by the probation officer.

7) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall submit his person, property, house, residence vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

8) The defendant shall disclose to the Probation Office all computers as defined in 18 U.S.C. § 1030(e)(1), and similar devices that provide access to the Internet, that the defendant owns, possesses, or uses. The defendant shall not possess or use any computer or similar device, which includes use of computers at work, unless the defendant cooperates with the Probation Office's computer monitoring program or receives permission from the Probation Office. The defendant shall permit random, unannounced inspections on any unmonitored computer or similar device under the defendant's control to ensure compliance. The defendant shall not use the Internet to communicate with any individual or group who promotes sexual abuse of children.

9) The defendant shall comply with the requirements of the computer monitoring program as administered by the

Probation Office. The defendant shall allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) the defendant uses. The costs of monitoring shall be paid by the defendant. To ensure compliance with the computer monitoring condition, the defendant shall allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. The defendant shall warn any other people who use these computers that the computers may be subject to searches pursuant to this condition. The defendant shall allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) the defendant seeks to use. The defendant shall submit to a search of all computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media. The defendant shall warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner. To ensure compliance with computer monitoring or supervision conditions, the defendant shall submit any records requested by the probation officer to verify compliance with the defendant's conditions including, but not limited to, credit card bills, telephone bills, and cable/satellite television bills.

10) The defendant shall, at the direction of the probation officer, notify his employer of: (1) the nature of his conviction; and (2) the fact that the defendant's conviction, related conduct, or prior criminal history was facilitated by the use of a computer and/or Internet. The defendant's employment shall be approved in advance by the Probation Office and the Probation Office shall confirm the defendant's compliance with this notification requirement and possible Internet monitoring of his/her computer at employment.

11) The defendant shall not sell or offer to sell any item on the internet for another person or entity without pre-approval and authorization from the Court or probation officer.  This includes, but is not limited to, selling items on internet auction sites.

---

**RECOMMENDATIONS to BOP**:
X         Dft. To be designated to:  a facility as close as possible to Maine that would have the adequate medical capability to address his physical and mental needs.
X         Dft. to participate in the Residential Drug Abuse Treatment Program (RDAP)

Deft: ( X ) Remanded    (   ) Cont'd on Bond to Self-Surrender      (   ) Referred to USPO    (   ) Immediate Deportation